# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIM CASE NO. 12cr1904WQH |
| Respondent/Plaintiff, | CIVIL CASE NO. 13cv553WQH |
| v. | **ORDER** |
| LUIS CANELA-RODRIGUEZ, | |
| Petitioner/Defendant. | |

HAYES, Judge:

The matter before the court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant. (ECF No. 26).

On April 18, 2012, Defendant was arrested and subsequently charged with being a removed alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b).

On June 12, 2012, Defendant entered a plea of guilty to an Information charging removed alien found in the United States, in violation of 8 U.S.C. § 1326(a) and (b). Prior to the entry of the plea, Defendant and the Government entered into a Plea Agreement "pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California." (ECF No. 13 at 2). The Plea Agreement provided that the Defendant agreed to waive Indictment and plead guilty to a single-count Information" and "agreed not to file or argue any substantive motions...". *Id.* The Government agreed to recommend a departure under the United States Sentencing Guidelines §

- 1 -

1  5K3.1 of 4 levels for fast track and "to recommend that defendant be sentenced to the low end of the advisory guideline range as calculated by the Government at the time of sentencing, pursuant to this agreement." *Id.* at 9.

On October 16, 2012, the Court held a sentencing hearing. Pursuant to the Plea Agreement, the Government recommended a sentencing guideline range of 8-14 months[1] and a sentence of 8 months. (ECF No. 22). The Court sentenced the Defendant to 8 months in the custody of the Bureau of Prisons and 1 year of supervised release. (ECF No. 25).

On March 7, 2013, Defendant filed a motion pursuant to 28 U.S.C. § 2255. Defendant asserts that he received ineffective counsel because his attorney did not tell him that the immigration judge violated his constitutional rights at the time of his 2002 removal hearing. Defendant contends that he was eligible for two types of relief from deportation: voluntary departure and cancellation of removal at the time of his 2002 deportation hearing.[2]

Plaintiff United States asserts that the Defendant did not qualify for cancellation of removal at his 2002 removal hearing because of his firearm conviction and that the Defendant would not have received discretionary voluntary departure. Plaintiff United States contends that the defense counsel was not required to collaterally attack the prior removal based upon a claim that Defendant should have received relief which the Defendant did not have a reasonable chance of receiving.

**ANALYSIS**

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

---

[1] Without the 4-level departure for fast-track, the sentencing guideline range would have been 18-24 months.

[2] Defendant attached to his 2255 motion a pleading filed on his behalf in the Eastern District of Washington entitled "Memorandum in Support of Mitigated Sentence at Supervised Release Revocation Hearing." (ECF No. 26 at 11-22).

- 2 -

> sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

## RULING OF THE COURT

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

**Objective Standard of Reasonableness**

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner*, 281 F.3d at 879 (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. A deficient performance requires showing that "counsel made errors so serious

1  that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id*.
2  at 687.
3      In this case, defendant entered into a Plea Agreement in which the Government
4  agreed to recommend a 4-level downward departure for fast track and a sentence at the
5  low end of the guideline range in exchange for the Defendant's agreement "not to file
6  or argue any substantive motions." (ECF No. 13 at 2). The Court concludes that the
7  advice of counsel to enter into the Plea Agreement and waive the filing of a motion
8  collaterally challenging the 2002 removal proceedings was within the "wide range of
9  professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447
10 (9th Cir. 1991).
11     Aliens charged with illegal reentry under 8 U.S.C. § 1326 have a limited right to
12 challenge collaterally the validity of the removal order underlying their illegal reentry
13 offense. *United States v. Bustos-Ochoa*, ___ F.3d ___, 2012 WL 6579556 (9th Cir.
14 December 18, 2012). In order to succeed in a collateral attack under §1326(d), a
15 defendant must establish: (1) that he exhausted all administrative remedies available to
16 him to appeal his removal order, (2) that the underlying removal proceedings at which
17 the order was issued improperly deprived him of the opportunity for judicial review,
18 and (3) that the entry of the order was fundamentally unfair. 8 U.S.C. § 1326(d). Entry
19 of an order is "fundamentally unfair" if: "the deportation proceeding violated the alien's
20 due process rights and the alien was prejudice as a result of the defects." *United States
21 v. Reyes-Bonilla*, 671 F.3d 1036, 1043 (9th Cir. 2012). To prove prejudice, a defendant
22 "must demonstrate that he had plausible grounds for relief from deportation." *United
23 States v. Ramos*, 623 F.3d 672, 684 (9th Cir. 2010). Defendant "must show that any
24 error 'prejudiced [him] in a manner so as potentially to affect the outcome of the
25 proceedings; a mere showing that [he] would have availed himself of the procedural
26 protections denied him is not enough.'" *Bustos-Ochoa*, ___ F.3d ___, 2012 WL
27 6579556 at 2 quoting *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir.
28 1986).

Defendant first claims that the immigration judge misinformed him by stating that he was ineligible for cancellation of removal. Defendant attached to his 2255 motion a pleading filed on his behalf in the Eastern District of Washington entitled "Memorandum in Support of Mitigated Sentence at Supervised Release Revocation Hearing." (ECF No. 26 at 11-22).[3] This pleading states in part: "the IJ discussed cancellation of removal with him, ultimately concluding that because of his firearm conviction he was 'ineligible' for this form of relief." *Id.* at 14. In order to be eligible for cancellation of removal, Defendant would be required to show that he "has been a person of good moral character during [the 10 years immediately preceding the date of such application]." 8 U.S.C. §1229b(1)(B). Viewing the Defendant's criminal history at set forth in the Presentence Report in the light most favorable to the Defendant, the Court concludes that any advice by defense counsel that Defendant was not likely to prevail on a claim that he was entitled to such relief was within an objective standard of reasonableness. *See* ECF No. 21 at 12-13.

Defendant also claims in the attached pleading that the IJ "failed to inform him of his eligibility for voluntary departure and allow him to develop a record for relief." (ECF No. 26 at 17). The pleading states in part: "the IJ never specifically informed [him] that he was eligible for voluntary departure. Instead, the IJ merely stated that as a consequence of his prior conviction the IJ was denying voluntary departure." *Id.* Defendant does not include the transcript of the 2002 removal hearing. However, the pleading attached to the 2255 motion states in part: "the IJ stated 'Because of your firearm conviction, I am denying your voluntary departure." (ECF No. 26 at 15). Based upon the comments of the Immigration Judge at the 2002 hearing, the Court concludes that defense counsel reasonably concluded that the Immigration Judge considered voluntary departure and concluded that the Defendant would not receive this discretionary relief. Any advice by defense counsel that Defendant was not likely to

---

[3]Defendant was convicted on August 13, 2010 of Deported Alien found in the United States in the Eastern District of Washington and received three years of supervised release.

prevail on a claim that he was entitled to such relief was within an objective standard of reasonableness. There are no facts alleged by the Defendant that would support a claim that the performance of his counsel was deficient because his counsel failed to file a motion challenging the prior deportation on the grounds that he was entitled to relief from removal.

**Prejudice**

To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 69. In this case, the Defendant signed a favorable plea agreement, entered a knowing and intelligent plea of guilty, and received a sentence at the low end of the guideline range recommended in the plea agreement. There are no facts presented in the petition which would support any claim that he was prejudiced by advice of his counsel.

IT IS HEREBY ORDERED that Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant Ramon Avalos (ECF No. 26) is denied.

DATED: June 25, 2013

                                        **WILLIAM Q. HAYES**
                                        United States District Judge